IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RUSTY JOYNER                                                                                                    PLAINTIFF

V.                              CIVIL NO. 6:15-CV-06029-RTD-JRM

SHELLEY OVERTON, ET. AL.
                                                                                                                DEFENDANTS

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff filed this case *pro se* pursuant to 42 U.S.C. § 1983 on March 18, 2015 in the Eastern District of Arkansas. ECF No. 1. The case was properly transferred to this District on March 31, 2015. ECF No. 3. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I.  BACKGROUND**

Plaintiff is not currently incarcerated.

In his Complaint, Plaintiff listed two Arkansas Circuit Judges as Defendants: Judge Chris Williams and Judge Easley.

## II. APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

## III. DISCUSSION

Judge Williams and Judge Easley are immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

## IV. CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's claims against Defendants Williams and Easley be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). Plaintiff's claims against all other Defendants remain for further resolution. Service will be addressed by separate order.

The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this **6th day of November 2015.**

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE