UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RUSTY JOYNER

PLAINTIFF

v.                    Civil No. 6:15-cv-06029-SOH

SHELLY OVERTON, ET. AL.                                  DEFENDANTS

**ORDER**

Plaintiff, Rusty Joyner, filed this case *pro se* pursuant to 42 U.S.C. § 1983 on March 18, 2015 in the Eastern District of Arkansas. (ECF No. 1). The case was properly transferred to this District on March 31, 2015. (ECF No. 5). He filed an Amended Complaint on April 20, 2105. (ECF No. 7).

The case is before the Court for pre-service screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

I. Background

Plaintiff is not currently incarcerated. Plaintiff alleges he was treated unfairly and indifferently over an alleged probation violation. He requests that he be placed in Covenant House Recovery or Quawpaw House Rehab, and that his probation be started over or reinstated. (ECF No. 1). Plaintiff brought this action against all Defendants in both their official and personal capacities. Plaintiff seeks monetary and injunctive relief. (ECF. No. 1). In the document labeled Amended Complaint, Plaintiff requests the Court to overturn his conviction, or grant a change of venue and transfer his case out of the current jurisdiction. He states he has also filed a *habeas*

1

petition. (ECF No. 7). This document appears to be a Supplement to the Complaint, rather than an Amended Complaint.

## II. Legal Standard

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## III. Discussion

Parole officers have been held to be entitled to quasi-judicial absolute immunity from suits challenging conduct intimately associated with the judicial process. *See Copus v. City of Edgerton*, 151 F.3d 646, 649 (7th Cir. 1998) (probation officers); *Demoran v. Witt*, 781 F.2d 155, 157 (9th Cir. 1985) (parole officers are entitled to absolute immunity with respect to the preparation of parole revocation reports); *Evans v. Dillahunty*, 711 F.2d 828, 831 (8th Cir. 1983) ("parole officials in deciding to grant, deny, or revoke parole, perform functions comparable to those of judges," and are, therefore, entitled to absolute immunity).

Defendants Overton, Pierini, and Thomas are probation officers. Defendant Latture is an Intake Officer at the probation office. Plaintiff's complaints center on the revocation of his probation and where he was placed to serve his sentence. Therefore they are entitled to quasi-judicial absolute

2

immunity.

Further, in his request for relief, Plaintiff asks this Court to have him placed in a faith-based addiction recovery program and reinstate his probation. Plaintiff may not use the civil rights statutes as substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).

IV.  Conclusion

For these reasons, Plaintiff's Complaint and Amended Complaint (ECF Nos. 1, 7) should be **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** this 25th day of January 2016.

/s/   Susan O. Hickey
Susan O. Hickey
United States District Judge